## Funk v. Whitaker.

December 1, 1950.

Ray Lewis, Judge.

Hiram H. Owens for appellant.

Luker & Tooms for appellee.

JUDGE LATIMER—Affirming.

Appellee, Roy Whitaker, filed this action January 14, 1947, to enjoin appellant, Charley Funk, from using a disputed road or passway across appellee's land. Appellant, by answer, denied the allegations of the petition and plead affirmatively that the disputed road is a public road and had been used as such for more than sixty years prior to the institution of this action. Appellant also alleged, in substance, that the road was necessary as a means of access to and from his farm. The Chancellor gave judgment as prayed by appellee, from which this appeal is taken.

Appellant apparently relies for reversal on the theory that the evidence will not support the judgment.

The parties own adjoining tracts of land. The evidence clearly shows that up to 1914 there was a road of some type passing across appellee's land at the approximate location of the road in dispute. Several witnesses stated that the old road was a "haul" road. In any event, in 1914 appellee and Damon Karr, the then owner of appellant's tract, jointly erected a rail fence across the then existing road. Damon Karr so testified. He also testified that no gate or bars were left in this fence. Mr. and Mrs. Wells, who owned appellant's land from 1919 to 1933, testified the fence remained there throughout their period of occupancy. Mrs. Wells said that there was no road through there and that they planted corn up to the fence. She said, however, that one time when one of her little girls died, her father "took her and laid the fence down and went through that way some way" but that there was no road that she saw. She further said that the public did not use any road through this land during the fourteen years she lived there. Her husband corroborated her testimony in saying that the fence was still there in 1933 and that there were no gates or bars until after he left. He said that the only time any of the public went through this land was when walking or hunting. He further said that at one time some of the fence burned but that he and Whitaker replaced it. He said that on some few occasions he had laid the fence down and had taken a wagon through.

In 1936, C. F. Hamblin purchased the tract now owned by appellant. Some time thereafter he opened up the road now in dispute and began using it extensively as a means of access to the county road. This road is

either in, or approximately in, the same location as the road that existed prior to 1914.

The Chancellor found that if in fact there had been a road there before 1914, it had been closed for a period of more than fifteen years and that the right to use it, if any such right existed, was barred by the statute of limitations.

The testimony of the former owners of appellant's land, recited above, is clearly sufficient to support the Chancellor's judgment to the effect that the road was closed under an adverse claim for more than fifteen years. Such closure is sufficient to extinguish a private passway acquired by either grant or prescription. Jones v. Dunn, 305 Ky. 562, 205 S.W.2d 156.

It would be otherwise had appellant conclusively shown the road to have been a public one prior to 1914. The weight of the evidence, however, is to the effect that the former road was a "haul" road; and there is not sufficient evidence of generality of use by the public prior to 1914 to impress that road with a public character. Though the evidence is conflicting, the weight of the evidence supports the judgment; and in no event could we have more than a doubt as to the correctness of the Chancellor's ruling.

Appellant argues in his brief that appellee should be estopped from closing the road now, because when appellant purchased his land in 1946 the road was open and in use for appellant's tract. There is no evidence that appellee, who was then living in Hamilton, Ohio, knew of the road being used or that appellant acted in any way on appellee's acts or failure to act with knowledge. Further, no facts on which to base an estoppel in this type of case were pleaded.

The judgment is affirmed.